UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN ELLIOTT,

    Plaintiff,

v.

MARK COWELL, et al.,

    Defendants.

Case No. 24-4063-TC-BGS

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL OF COMPLAINT**

Plaintiff Damian Elliot filed this action pro se[1].  In conjunction with his federal court Complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP").  Doc. 3.  After review of Plaintiff's Complaint, however, the Court **RECOMMENDS** to the District Court that Plaintiff's claims against Defendants be **dismissed** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**I.  Standard of Review for IFP Complaints**

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v.*

---

[1] Plaintiff proceeds pro se.  The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

1

*Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), aff'd, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all

reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a pro se plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The court cannot, however, become an advocate for the pro se plaintiff. *Id.*

A pro se Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.  Plaintiff's Claims and Factual Allegations

Plaintiff brings suit against Mark Cowell, Michael Giardine, Linda Lopmyer, Josh Maza, "Bohara," and "Cunningham." He specifically lists Mark Cowell and Michael Giardine as Defendants; however, he names the remaining individuals on a blank sheet of paper with no additional context. The Clerk identified all listed individuals as Defendants which is reflected in the case caption on the docket sheet. Accordingly, the Court will assume the Plaintiff intended to assert claims against each person listed.

Plaintiff asserts that this Court has jurisdiction because this case arises from a violation of civil or equal rights, privileges, or immunities accorded to citizens of the United States.[2] *See* Doc. 1, at 4. Plaintiff's claims are light on specifics and are hard to comprehend. The entirety of Plaintiff's factual allegations in the complaint are as follows:

> between oct-Dec 2023 Mark Cowell called the cops or had them called on me
> because he don't like that I record this took place at the municiple [sic] court in
> dodge city KS Just minutes before my first Appearance in court.

---

[2] Plaintiff also attempted to assert diversity jurisdiction in the form complaint. First, Plaintiff fails to allege the citizenship of every party in the case and only identifies his own citizenship and the citizenship of two unnamed Defendants. Second, of the three parties' citizenship identified, he alleges that they are all citizens of Kansas, and thus, fails to meet the diversity requirement for jurisdiction under 28 U.S.C. § 1332(a). Accordingly, the Court will proceed on the premise that Plaintiff is attempting to establish jurisdiction by asserting a federal cause of action.

*Id.* From what the Court can conclude, it appears Mr. Cowell, a prosecutor for the city, "called the cops" on Plaintiff for recording something at the municipal courthouse in Dodge City, Kansas.

On August 2, 2024, Plaintiff filed a supplement to the complaint which add additional facts.[3] Doc. 4. The supplement provides additional information indicating that Mr. Elliot was charged with possession of marijuana in January of 2024. He alleges that prosecutors Mark Cowell and Michael Giardine kicked him out of Dodge City for one year because they didn't like him "recording government officials." *Id.* The rest of the supplement is confusing and hard to follow. It appears Mr. Elliot claims that he has been arrested for trespassing because he was in Dodge City. He also makes a vague reference to Garden City, Kansas. The main point of Mr. Elliott's complaint centers around him recording government officials which he claims has made him a "target." *Id.* Plaintiff seeks $600,000 in damages due to violations of his civil rights because he was arrested under false charges and wrongfully incarcerated. Doc. 1.

It is difficult for the Court to ascertain exactly what claims he is alleging and against which Defendant.[4] It is not the Court's role to read additional facts into Plaintiff's complaint nor assume the role of advocate. *Hall*, 935 F.2d at 1110. From what the Court can gather, it appears that Plaintiff is making claims that his civil rights were violated arising from recording government officials or some other conduct stemming from his prior court cases.

Plaintiff's complaint fails to allege subject-matter jurisdiction and fails to state any cognizable cause of action. For the reasons stated below, the undersigned **recommends** that Plaintiff's claims be **dismissed** with prejudice.

---

[3]Typically, a supplemental pleading is filed under Fed. R. Civ. P. 15(d). However, it appears Plaintiff intended the filing as an amendment rather than what is contemplated under Rule 15(d). The Court will consider the supplement as an amendment to the complaint under Fed. R. Civ. P. 15(a)(1). Since this is Plaintiff's first amendment, he may file the supplement as a "matter of course." *Id.* Any further amendments will require leave of court.

[4]These issues will be addressed in more detail later in the order.

**III.   Analysis**

        **A.   This Court has no Subject Matter Jurisdiction Plaintiff's Claims.**

The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994)). Mere conclusory allegations of jurisdiction are not enough. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999). The basis for jurisdiction "must appear on the face of a plaintiff's well-pleaded complaint." *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). "The complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Id.*

Here, Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Doc. 1, at 3. "Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action." *See Smith v. G&W Foods*, No. 20-cv-2517, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021). Under this Title, a federal district court has original jurisdiction over actions to "redress [ ] deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any" constitutional or statutory right of a United States citizen. 28 U.S.C. § 1343(a)(3). A party seeking to exercise jurisdiction under this section "must allege in his pleadings the facts essential to show jurisdiction." *Matthews v. YMCA*, No. 05-4033-SAC, 2005 WL 2663218, at *2 (D. Kan. Oct. 19, 2005) (quoting *Penteco Corp Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). "A mere assertion that defendants violated one's civil rights is not sufficient to demonstrate that the district court has jurisdiction under this statute." *Id.* (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)).

Plaintiff's complaint does not specify how his constitutional or statutory rights have been

6

violated by the government Defendants or law enforcement. He makes conclusory statements regarding this court's jurisdiction but fails to allege facts to support it. *Spectrum Emergency Care, Inc*., 190 F.3d at 1160. The Court is unable to identify a well-pleaded federal cause of action or any facts to support one. Consequently, Plaintiff's pleading fails to establish subject matter jurisdiction based on the presentation of a federal question under 28 U.S.C. §1331 or any other federal statute. To the extent that Plaintiff intended to invoke diversity jurisdiction, the complaint states that both Plaintiff and two unnamed Defendants are citizens of Kansas, which means diversity of citizenship does not exist.

Lastly, to the extent Plaintiff's claims relate to his state court proceedings that are referenced in his complaint and supplement thereto, this Court does not have subject matter jurisdiction over such claims. Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

Plaintiff's pleading fails to establish subject matter jurisdiction based on the presentation of a federal question under 28 U.S.C. §1331 or based on diversity of the parties under 28 U.S.C. §1332. Accordingly, the undersigned **recommends** to the District Judge that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction.

### B. Plaintiff's Complaint Fails to State a Claim upon which Relief may be Granted.

To the extent this Court has jurisdiction to hear Plaintiff's claims, his complaint fails to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Mark Cowell called the police on him for recording government officials. He then claims that he was arrested for trespassing because he was in Dodge

7

City, Kansas. It is unclear whether his act of recording government officials and his subsequent arrest for trespass are related. Moreover, it is unclear who is responsible for the alleged wrongful conduct. He names Mark Cowell, Michael Giardine, Linda Lopmyer, Josh Maza, "Bohara," and "Cunningham" as Defendants, but the only person even mentioned in his complaint or subsequent supplement is Mark Cowell. The Court is unsure of what role these Defendants had in the events alleged in the Complaint. He does, however, provides some job titles for the listed Defendants. Mark Cowell and "Cunningham" are listed as prosecutors. Josh Maza and "Bohara" are listed as officers. Linda Lopmyer is listed as a municipal court judge. Michael Giardine is named, but has no job title listed and is not mentioned anywhere else in the pleadings.

In this case, Plaintiff cannot prevail on the facts he has alleged. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Plaintiff supplies no facts as to Defendants Michael Giardine, Linda Lopmyer, Josh Maza, "Bohara," and "Cunningham." Regarding Defendant Mark Cowell, he alleges he was a prosecutor who "called the cops" after he was recording government officials. He does not allege anything further except to note that he was arrested under false charges and was wrongfully incarcerated for trespassing at some subsequent date. Simply put, he does not allege any cognizable claim against any Defendant named in the complaint. Where a complaint attributes all actions to the "Defendants" or a collection of individuals without specifying what actions are attributable to each individual defendant, a claim fails to meet the requirements of Fed. R. Civ. P. 8 and should be dismissed for failure to state a claim upon which relief may be granted. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Even assuming Plaintiff alleged sufficient facts to support a claim against prosecutors Mark Cowell and "Cunningham" or municipal court judge Linda Lopmyer, they would be entitled to

immunity. "It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process[.]'" *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 994-95, 47 L.Ed.2d 128 (1976) and *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990)). "The rationale for granting absolute immunity in . . . these instances is to allow prosecutors and those performing equivalent functions 'the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory section 1983 litigation.'" *Id.*, at 1489-90 (citing *Snell*, 920 F.2d at 686–87 and *Imbler*, 424 U.S. at 424–26). Moreover, "[j]udges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir.1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978)).

In this case, Plaintiff's allegations relate to either Mr. Cowell prosecuting him for recording government officials or directing police to stop Plaintiff from recording. As mentioned earlier, it is unclear what the ultimate consequences were of Plaintiff's recording activities in the municipal courthouse or other locations with government officials. In any event, "[b]ecause Plaintiff's allegations and claims against [Defendant] are all based on activities associated with the judicial process, [Defendant is] entitled to absolute prosecutorial immunity." *Cline v. Russo*, No. 22-4010-JAR-TJJ, 2023 WL 2375107, at *3 (D. Kan. March 6, 2023). Additionally, Plaintiff names judge Lopmyer as a Defendant but provides no additional facts or context. Even if he did allege a cause of action against her, she would similarly be entitled to judicial immunity. *Henriksen*, 644 F.2d at 855.

Lastly, to the extent he intends to make a claim against officers Josh Maza and "Bohara," he must allege "that [the] person has deprived him of a federally protected right and [ ] the person who has deprived him of that right acted under the color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). When suing an individual under § 1983 in their *individual* or *personal* capacity, "the complaint [must] make clear exactly who is alleged to have done what to whom … as

9

distinguished from collective allegations." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (citing *Kansas Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Here, he does not specify what action each Defendant took, nor does he allege any facts supportive of a claim. Moreover, Plaintiff has set forth no factual matter to suggest that the officer Defendants acted under the color of state law or in their official capacity when violating such right.

Given the lack of factual information in the form Complaint and the subsequent supplement, Plaintiff has failed to allege facts to support his potential claims against Defendants. Accordingly, the Court **recommends** that all claims against each named Defendant be **dismissed** with prejudice.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated August 8, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge